# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Alice L. Higgins,

        **Plaintiff,**

v.                                       **Case No. 08-2646-JWL**

John E. Potter, Postmaster General,
United States Postal Service,

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed a one-count complaint against her employer, the United States Postal Service, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 14).  As will be explained, the motion is granted in part and denied in part.[1]

In her amended complaint, plaintiff asserts a single claim–that plaintiff's employer violated Title VII by subjecting plaintiff "to racist comments, unwarranted disciplinary action and to a degrading and humiliating accusation of mail theft and a complete strip search because of her race."  Defendant construes plaintiff's complaint as setting forth four separate causes of

---

[1] In its motion, defendant also sought summary judgment on plaintiff's claim of race discrimination.  In response to that portion of the motion, plaintiff filed a motion under Rule 56(f) requesting time to conduct discovery (doc. 17).  Thereafter, defendant expressly withdrew that portion of its motion seeking summary judgment, rendering plaintiff's Rule 56(f) motion moot.  Therefore, the only remaining issue pending before the court is whether plaintiff's claim is subject to dismissal for lack of subject matter jurisdiction.

actions under Title VII–one claim of race discrimination based on alleged racist comments; one claim of race discrimination based on alleged unwarranted discipline; one claim of race discrimination based on an accusation of mail theft; and one claim of race discrimination based on an alleged strip search.  Having so construed the complaint, defendant moves to dismiss plaintiff's claims concerning racist comments and unwarranted discipline as those claims, according to defendant, have not been the subject of an administrative charge and, thus, the court lacks subject matter jurisdiction over those claims.  *Jones v. UPS, Inc*., 502 F.3d 1176, 1186 (10th Cir. 2007) (Each discrete incident of alleged discrimination constitutes its own unlawful employment practice for which administrative remedies must be exhausted.).[2]

In her charge of discrimination, plaintiff identified the type of discrimination as "race" and "disability" and identified the date of discrimination as September 13, 2007.  In the explanatory section of the charge, plaintiff wrote:

> I was accused of stealing.
>
> Then the African American OIG ask[ed] me to strip search [sic] with no specific proof I had stolen anything.

In the section of the charge inquiring about requested relief, plaintiff stated that she was seeking "compensation due to my disability caused by this specific incident.  My named was ripped

---

[2]For the first time in its reply, defendant also contends that plaintiff's claims are subject to dismissal because she abandoned those claims by asserting them during pre-complaint counseling and then omitting them from her charge.  Because defendant did not raise this argument in its opening memorandum, the court declines to address it.  *See M.D. Mark, Inc. v. Kerr-McGee Corp*., 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.").

apart."

*Alleged Racist Comments*

The court begins with defendant's motion to dismiss plaintiff's claim based on alleged racist comments.  It is not entirely clear from plaintiff's response to the motion to dismiss whether she intends to assert a separate claim for relief based solely on alleged racist comments. To the extent she intends to do so, that claim is dismissed because her charge is devoid of any reference concerning discrete incidents of racial comments or any facts tending to suggest the assertion of a hostile work environment or harassment claim based on alleged racial comments. *Id*. (charge must contain facts concerning discriminatory acts underlying each claim).  That having been said, the court actually finds it more likely from plaintiff's response that she has not sought to pursue an independent claim of race discrimination based on racist comments.  Rather, plaintiff's response suggests that the relevance of the alleged racist comments referenced in her complaint is to prove her employer's motivation in accusing plaintiff of wrongdoing and conducting the alleged strip search–plaintiff contends that the comments were allegedly made during the alleged strip search itself or were made by the supervisor responsible for the alleged investigation and strip search, thus demonstrating racial animus on the part of her supervisor. To that extent, plaintiff's allegations concerning racist comments need not be the subject of a charge of discrimination and are properly part of plaintiff's claim as they support plaintiff's theory that her employer's actions were motivated, at least in part, by plaintiff's race.

3

*"Unwarranted Discipline" Claim*

The court turns, then, to defendant's motion to dismiss plaintiff's claim concerning "unwarranted discipline." The resolution of defendant's motion is rendered somewhat more complicated because plaintiff, in her response, does not identify the "discipline" to which she refers in her amended complaint. Other documents before the court, however, reflect plaintiff's contention that she received a week-long suspension for "misdelivering" mail after the alleged strip search failed to corroborate her employer's accusations of theft. To the extent plaintiff's claim is based on this suspension, the court concludes that plaintiff has properly exhausted this claim. Significantly, the key facts underlying the suspension claim are included in the text of the charge. Plaintiff identified in her charge the date of discrimination as September 13, 2007 and she alleges in her charge that on that date she was accused of theft and then subjected to a strip search in light of that accusation. The record before the court reflects plaintiff's contention that, after the September 13, 2007 strip search failed to prove that she had stolen mail on that date, her employer suspended her for "misdelivering mail" on that date. Thus, the fact that plaintiff did not specifically reference in her charge the week-long suspension is not fatal to her claim because the specific facts concerning the suspension are contained in the charge. *Jones*, 502 F.3d at 1186 (charge must contain facts concerning the discriminatory actions underlying each claim). Stated another way, any administrative investigation concerning the alleged discriminatory acts--the accusation of theft and strip search–would most certainly have uncovered the resulting disciplinary suspension. *Id*. (inquiry concerning whether plaintiff has exhausted administrative remedies is limited to the scope of the administrative investigation that

4

can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge).

To the extent plaintiff intends to assert a claim based on some disciplinary action other than that stemming from the events of September 13, 2007, that claim is dismissed because plaintiff's charge is devoid of any facts relating to other disciplinary actions.  Of course, to the extent plaintiff's use of the phrase "unwarranted discipline" simply references the strip search itself or the accusation of theft, that claim is properly before the court because the specific facts concerning such discipline are contained in the charge itself.

Defendant's motion to dismiss, then, is granted to the extent defendant seeks to dismiss any independent claims of race discrimination based on racist comments or on disciplinary actions beyond those related to the events of September 13, 2007.  The motion to dismiss is denied to the extent plaintiff asserts a claim of race discrimination based on the disciplinary suspension flowing directly from the events of September 13, 2007.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 14) is **granted in part and denied in part**; plaintiff's motion under Rule 56(f) to deny defendant's motion for summary judgment or for discovery (doc. 17) is **moot**.

**IT IS SO ORDERED.**

Dated this 17th day of September, 2009, at Kansas City, Kansas.

5

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge