IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Alice L. Higgins,**

      **Plaintiff,**

v.                                                    **Case No. 08-2646-JWL**

**John E. Potter, Postmaster General,**
**United States Postal Service,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed a one-count complaint against her employer, the United States Postal Service, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter comes before the court on defendant's motion for summary judgment (doc. 76) estopping plaintiff from pursuing her claims in this case based on her failure to disclose them as assets in the context of her Chapter 13 bankruptcy proceeding. As will be explained, the motion is granted.

In December 2008, plaintiff filed a pro se discrimination complaint against defendant. After the court appointed counsel for plaintiff, plaintiff, through counsel, filed an amended complaint in March 2009 seeking unspecified damages against defendant under a single count of race discrimination. After early motion practice, the parties began the discovery process in October 2009. In early November 2009, plaintiff and her husband filed a voluntary petition under Chapter 13 in bankruptcy court. Plaintiff did not identify her claims in this case as an

asset in her bankruptcy schedules or otherwise disclose her claims in any way in her bankruptcy filings. In January 2010, the bankruptcy court confirmed plaintiff's Chapter 13 plan.

In April 2010, defendant propounded its Requests for Admissions asking plaintiff, among other things, to admit that she failed to disclose her claims in this case to the bankruptcy court. Plaintiff responded to the discovery by asserting that the omission was inadvertent. Two days after the filing of defendant's motion for summary judgment, plaintiff amended her bankruptcy schedules to include the claims in this case.

The Tenth Circuit has recognized that in the "overwhelming majority of cases," debtors "who have failed to disclose legal claims to the bankruptcy court without credible evidence of why they did so" have been judicially estopped from pursing such claims. *Eastman v. Union Pac. Railroad Co.*, 493, F.3d 1151, 1158-59 (10th Cir. 2007) (citing "overwhelming weight of authority" and affirming grant of summary judgment against debtor based on judicial estoppel where debtor did not disclose personal injury case in context of Chapter 7 bankruptcy proceeding and received discharge). Based on this clear weight of authority, defendant moves for summary judgment based on the doctrine of judicial estoppel in light of plaintiff's failure to disclose her claims to the bankruptcy court despite her obvious knowledge of those claims.

In an effort to distinguish this case from the litany of cases relied upon by defendant in support of its motion, plaintiff first highlights that, unlike most of the cases cited by defendant in which a debtor received a Chapter 7 discharge after submitting false schedules, her Chapter 13 bankruptcy proceeding is ongoing and she will not receive a discharge unless and until she successfully completes her approved payment plan. The Tenth Circuit, however, has not drawn

2

a distinction between Chapter 7 and Chapter 13 bankruptcies in the judicial estoppel context and, thus, the court declines to do so here. *See Autos, Inc. v. Gowin*, 244 Fed. Appx. 885 (10th Cir. 2007) (affirming district court's finding of judicial estoppel against debtor in Chapter 13 context); *accord Williams v. Hainje*, 2010 WL 1936269, at * (7th Cir. May 14, 2010) (affirming grant of summary judgment against debtor based on judicial estoppel in Chapter 13 context, finding "immaterial" the fact that the debtor had not received a discharge where debtor still received significant financial benefits during bankruptcy including automatic stay while he pursued his undisclosed lawsuit).

In *Autos, Inc.*, the Circuit applied the three factors that typically inform the judicial estoppel analysis:

> (1) The party against whom judicial estoppel is to be invoked seeks to rely on a position that is clearly inconsistent with its earlier position;
>
> (2) The party has succeeded in persuading a court to accept its earlier position, such that judicial acceptance of an inconsistent position would create the impression that either the first or the second court was misled; and
>
> (3) The party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id. at *4-5 (citing *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005)). The Circuit concluded that all three criteria were satisfied and that judicial estoppel was appropriate. *Id*. at *5. First, the Circuit found that the debtor's assertion of legal claims not disclosed in her bankruptcy proceedings constitutes "an assumption of inconsistent positions. The Circuit found the second element satisfied because the debtor "convinced the bankruptcy court to confirm her Chapter 13 plan without disclosing her claims against Autos, yet she now seeks to litigate those

3

same claims." *Id*. ("By failing to disclose her claims as an asset on her schedules, [the debtor] actively deceived her creditors and misled the bankruptcy court about the scope of the estate."). Finally, the Circuit found that the debtor's "tactic would both derive an unfair benefit and impose an unfair detriment" because if it had succeeded, it would have shielded any recovery in her lawsuit from her creditors, bestowing an unfair benefit on the debtor at the expense of her creditors. *Id*.  These facts are materially indistinguishable from the facts presented here.

Plaintiff also contends that her circumstances justify a departure from the cases relied upon by defendant because she "voluntarily" cured her omission by disclosing her lawsuit to the bankruptcy trustee in May 2010–prior to the filing of defendant's summary judgment motion such that she was not "forced" to amend her schedules by virtue of defendant's motion.  In support of her argument, plaintiff relies on *Archuleta v. Wagner*, 2007 WL 3119615 (D. Colo. Oct. 22, 2007), wherein the district court refused to apply the doctrine of judicial estoppel where the debtor cured her omission as soon as defendants' counsel notified plaintiff's counsel that judicial estoppel might preclude plaintiff's claims because they were not disclosed in the bankruptcy proceeding. *Id*. at *1.  In so holding, the district court distinguished plaintiff's circumstances from those cases in which debtors amend their schedules only after being served with a motion for summary judgment or a motion to dismiss. *Id*. at *5.

The court does not find *Archuleta* persuasive in the context of this case.  First, the district court in *Archuleta* emphasized that the debtor amended her schedules only two days after being alerted by defendants that she was remiss in her failure already to do so. *Id.* at *5.  Here, defendant's counsel brought the omission to plaintiff's attention on April 2, 2010 yet the trustee

4

was not notified until one month later and her schedules were not amended until after the filing of the motion for summary judgment. These facts, then, certainly do not reflect the same urgency that the district court sensed in *Archuleta*. In addition, the district court in *Archuleta* found significance in the fact that the events underlying her civil claims did not arise until several months after she filed for bankruptcy and her lawsuit was not filed until 18 months after the filing of her bankruptcy petition. *Id*. at *6. The court then distinguished other cases in which the debtor filed for bankruptcy after his or her civil claims arose and yet failed to disclose those claims to the bankruptcy court. *Id*. at *5-6. According to the court, "the fact that the present claims did not exist until well over a year after the bankruptcy petition was filed–when coupled with Plaintiff's immediate amendment upon notification of the issue–lends credibility to Plaintiff's assertion that her failure to disclose . . . was inadvertent." *Id*. at *6. Unlike the facts in *Archuleta*, of course, plaintiff here was actively engaged in discovery in this lawsuit at the time she filed her petition for bankruptcy and failed to disclose the existence of this case.

The court, then, concludes that the facts of this case are more closely aligned with those cases in which courts have applied judicial estoppel where the debtor has cured an omission only after the filing of a summary judgment motion based on the doctrine. *See, e.g., Ardese v. DCT, Inc*., 280 Fed. Appx. 691, 696-97 (10th Cir. 2008) ("Voluntary amendment presents quite a different equitable scenario than that presented here, where Ms. Ardese was 'forced to [amend her bankruptcy petition] by the actions of her civil opponent.'"). Moreover, even assuming that plaintiff had amended her schedules immediately upon receiving defendant's request for admissions, the court would still be inclined to apply judicial estoppel in this case. As the Tenth

Circuit recognized in *Eastman*, permitting a debtor to "'back up' and benefit from the reopening of his bankruptcy only after his omission had been exposed 'would suggest that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.'" 493 F.3d at 1160 (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)).

Plaintiff's final argument is that her omission was inadvertent and based on her lack of sophistication in such matters and, as such, equity demands that this case be resolved on the merits. But there is simply no evidence from which the court could conclude that plaintiff's omission was inadvertent. Indeed, plaintiff herself does not aver that her omission was inadvertent. Her counsel simply draws that conclusion in his briefing. In any event, the Tenth Circuit, like the vast majority of other courts, has not been "overly receptive to debtors' attempts to recover on claims about which they 'inadvertently or mistakenly' forgot to inform the bankruptcy court." Id. at 1157. As explained by the Circuit in *Eastman*:

> [C]ourts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Where a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at times *sub silentio*, infer deliberate manipulation.

*Id.* (citations omitted). In this case, the court simply cannot believe that at the time she filed her petition for bankruptcy, plaintiff was not aware that she had a federal lawsuit pending for nearly one year in which she was actively engaged and from which she stood to benefit financially.

6

Just as in *Eastman*, that plaintiff "well knew of [her] pending lawsuit and simply did not disclose it to the bankruptcy court is the only reasonable inference to be drawn from the evidence." *Id.* at 1159 ("The ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy."). In short, plaintiff's conclusory assertion that she "simply did not know better" is insufficient to withstand application of the doctrine of judicial estoppel. *See id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment based upon judicial estoppel (doc. 76) is **granted.**

**IT IS SO ORDERED.**

Dated this 20th day of August, 2010, at Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge