## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Alice L. Higgins,

        Plaintiff,

v.                                    Case No. 08-2646-JWL

John E. Potter, Postmaster General,
United States Postal Service,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this lawsuit against her employer, the United States Postal Service, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The court previously granted summary judgment in favor of defendant on the grounds of judicial estoppel after concluding that plaintiff failed to disclose her claims in this case as assets in the context of her Chapter 13 bankruptcy proceeding. The Tenth Circuit Court of Appeals subsequently affirmed the dismissal of plaintiff's case. Thereafter, defendant submitted its Bill of Costs and the clerk of the court taxed costs in the amount of $3926.85. This matter is presently before the court on plaintiff's motion in opposition to defendant's bill of costs. As will be explained, the motion is denied.[1]

_____

[1]As a threshold matter, defendant urges the court to deny plaintiff's motion as untimely. Indeed, plaintiff has filed her objections to the bill of costs nearly six weeks after defendant submitted its bill of costs–well outside the 14-day window prescribed in the local rule. *See* D. Kan. 54.1(b)(1). Nonetheless, the applicable rules allow for a motion to retax costs within 7 days of the date the clerk taxes costs even if objections to the bill of costs are

In her motion, plaintiff raises three arguments–she is indigent and, as a result, the court should deny costs to defendant; that any collection of costs should be stayed during the pendency of her bankruptcy case; and that taxable costs should be limited to one printed transcript of plaintiff's deposition.  The court addresses each of these arguments in turn.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d).  Rule 54, then, "creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  The burden is on the non-prevailing party to overcome this presumption. *Id.*  When a district court denies costs to a prevailing party, it must provide a valid reason for the denial. *Id.*

Here, plaintiff contends that she is indigent and that her indigent status justifies a waiver of costs.  The Tenth Circuit has recognized that the indigent status of the non-prevailing party is a circumstance in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party. *Id.*  The Circuit has cautioned, however, that even if a non-prevailing party is indigent, there must be "some apparent reason to penalize the prevailing party if costs are to be denied." *Id.* (no abuse of discretion for district court to award costs to

---

not timely filed.  Fed. R. Civ. P. 54(d)(1); D. Kan. R. 54.1(c).  Plaintiff's motion was filed on the day the clerk taxed costs.  The court, then, construes plaintiff's motion as a timely motion to retax costs.

2

defendant despite indigent status of non-prevailing party where non-prevailing party did not offer any reason why prevailing party should be penalized).  Plaintiff offers no reason why the court should penalize defendant other than to state that defendant's "superior financial resources" enable it to "absorb these costs."  But plaintiff directs the court to no case law suggesting that the court should penalize a party simply because a financial disparity exists between the parties.  *Cf. Sauceda v. Dailey*, 1998 WL 709601, at *1 (D. Kan. Sept. 25, 1998) (rejecting argument that costs should be denied based on comparative wealth of prevailing party).  Certainly, nothing in the language of Rule 54(d) suggests that result.  In the absence of any valid reason why the court should penalize defendant, the court may not properly exercise its discretion to deny costs.

Moreover, even if a valid reason existed to penalize defendant, the court would nonetheless deny plaintiff's motion.  As this court has previously stated, an application of the indigence exception requires a threshold factual finding that the losing party "is incapable of paying the court-imposed costs at this time or in the future."  *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 902 (D. Kan. 2007) (quoting *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)).  The evidence submitted by plaintiff in support of her motion is insufficient to permit the court to make such a finding.  Significantly, plaintiff has submitted only her November 2009 voluntary bankruptcy petition and the bankruptcy court's December 2010 confirmation order directing plaintiff to make monthly payments to the trustee.  Plaintiff has not submitted any evidence updating her financial status since November 2009 or indicating her

ability to pay costs in the future.  In the absence of such evidence, the court cannot conclude that plaintiff is entitled to the benefit of the indigence exception even assuming a valid reason existed to penalize defendant.  *See Wilkins v. Kmart Corp.*, 2009 WL 331620, at *2 (D. Kan. Feb. 10, 2009) (rejecting claim of indigence where plaintiff's evidence of financial status was affidavit that was over 18 months old).

As plaintiff has not satisfied her burden of showing that she is entitled to the benefit of the indigence exception, the court turns to plaintiff's alternative argument that the court stay any collection on the bill of costs during the pendency of plaintiff's bankruptcy case.  This issue is easily resolved as defendant agrees to honor the automatic stay provisions of the bankruptcy court and will attempt to collect costs only if it obtains permission from the bankruptcy court.

Plaintiff next contends that the clerk erred in taxing costs for both the printed transcript of plaintiff's deposition and a videotape of plaintiff's deposition.  According to plaintiff, defendant cannot recover costs related to both the printed transcript and the videotape of plaintiff's deposition because the express language of section 1920(2) permits costs relating to either a printed transcript or an electronically recorded transcript but not both.  Pursuant to section 1920(2), the court may tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Although no Circuit Court of Appeals has squarely addressed the issue, district courts interpreting the amended language of section 1920(2) have split on the statute's meaning. Some district courts have strictly interpreted

4

Congress's use of the word "or" when it amended section 1920(2) in 2008[2] to permit taxable costs for either stenographic transcription or video-recording of depositions but not both.  *See Chism v. New Holland North Am., Inc.*, 2010 WL 1961179, at *5 (E.D. Ark. May 13, 2010); *EEOC v. CRST Van Expedited, Inc.*, 2010 WL 520564, at *5 (N.D. Iowa Feb. 9, 2010); *Thomas v. Newton*, 2009 WL 1851094, at *3 (E.D. Mo. June 26, 2009).  The majority of district courts, however, have interpreted the amended section 1920(2) as merely a recognition by Congress that depositions can be recorded by both stenographic and non-stenographic means rather than a limitation on the scope of taxable costs.  *See Baisen v. I'm Ready Productions, Inc.*, ___ F. Supp. 2d ___ 2011 WL 2559943, at *4-5 (S.D. Tex. June 10, 2011); *B&B Hardware, Inc., v. Hargis Indus., Inc.*, 2010 WL 3655737, at *1 (E.D. Ark. Sept. 9, 2010); *Nilesh Enter., Inc. v. Lawyers Title Ins. Corp.*, 2010 WL 2671728, at *3 (W.D. Tex. July 1, 2010); *Daniels v. Michiana Metronet, Inc.*, 2010 WL 2680074, at *2 (N.D. Ind. July 1, 2010) (amendment to section 1920(2) broadens scope of taxable costs); *Farnsworth v. Covidient, Inc.*, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010).  According to these courts, a party may recover costs for both videotaping and transcription so long as the party demonstrates that both the video and transcript were necessarily obtained for use in the case.  *See B&B Hardware*, 2010 WL 3655737, at *1 (and cases cited therein).

The Tenth Circuit, applying the prior version of section 1920(2), has held that a prevailing

---

[2]Prior to the 2008 amendment, section 1920(2) permitted taxable costs to include "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

party may recover the costs of both videotaping and transcribing depositions when both are necessarily obtained for use in the case. *See Tilton v. Capital Cities/ABC, Inc*., 115 F.3d 1471, 1478 (10th Cir. 1997). In *Tilton*, the Circuit reasoned that section 1920(2) "implicitly" allowed taxation of the costs of video depositions because Federal Rule of Civil Procedure 30(b)(2)-(3) "authorizes videotape depositions as an alternative to traditional stenographic depositions." *Id.* at 1477. The Circuit further reasoned that section 1920(2) authorized the taxation of costs for both videotaping and transcribing depositions so long as each version had a legitimate use independent from the other version. *Id*. at 1478. Indeed, the Circuit concluded that "in most cases" both a transcript and a videotape will be "necessarily obtained for use in the case." *Id*.

In light of the Circuit's reasoning in *Tilton*, the court believes that the Circuit, if faced with the amended version of section 1920(2), would reach the same result that it did in *Tilton* and would conclude that the statute permits the taxation of costs for both a transcript and videotape so long as both are necessarily obtained for use in the case. *See K-Tec, Inc. v. Vita-Mix Corp*., 2011 WL 1899391, at *1 (D. Utah May 19, 2011) (applying *Tilton* under amended version of statute and rejecting argument that use of disjunctive phrase decides issue–key issue is whether both printed and video depositions were necessarily obtained for use in case); *Pitts v. Electrical Power Sys., Inc*., 2009 WL 3766270, at *2 n.2 (N.D. Okla. Nov. 10, 2009) (concluding that Circuit would continue to apply *Tilton* after amendment to section 1920(2) in light of the "expansion" of section 1920(2)). In so deciding, the court notes that both the Seventh and Fifth Circuits, while not directly addressing the issue, have suggested that the

amendment to section 1920(2) was intended to clarify or expand the scope of recoverable costs under the statute. *See Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 801-02 (7th Cir. 2010) (citing amendment to section 1920(2) as an example of when Congress "has made explicit that it is including electronic media and transactions within the scope of a statute."); *S&D Trading Academy, LLC v. AAFIS Inc.*, 336 Fed. Appx. 443, 450-51 (5th Cir. 2009) (suggesting that Congress expanded the scope of taxable costs when it amended section 1920(2)). The court, then, rejects plaintiff's argument that the statute limits recoverable costs to either videotaping or transcribing depositions.[3]

Finally, plaintiff claims that the clerk erred in taxing as costs fees relating to printed transcripts of the depositions of defendant's employees–depositions that were taken by plaintiff of individuals who figured prominently in the allegations underlying plaintiff's claims. According to plaintiff, these transcripts were not "necessarily obtained" for defendant's litigation of the case but were obtained solely for purposes of discovery and defendant's own convenience. The court disagrees and concludes that these transcripts were necessarily obtained for use in the case as it was reasonable for defendant, at the time it incurred the expense, to assume that the transcripts would be necessary for proper preparation of the case. *See In re Williams Sec. Lit.*, 558 F.3d 1144, 1149 (10th Cir. 2009) (standard in determining whether materials are necessarily obtained for use in the case is whether materials, at the time the expense is incurred, appeared

---

[3]Plaintiff does not suggest that both the transcript and videotape of plaintiff's deposition were not necessarily obtained for use in the case.

7

reasonably necessary for proper preparation of the case); *Francisco v. Verizon South, Inc.*, 272 F.R.D. 436, 443 (E.D. Va. 2011) (defendant could recover costs of transcripts of eight depositions of its employees taken by plaintiff where all deponents had relevant information to provide and defendant could not reasonably anticipate every manner in which the depositions might be used); *Sykes v. Napolitano*, 755 F. Supp. 2d 118, 121 (D.D.C. 2010) (defendant could recover costs of transcripts of eight depositions of its employees where those depositions were all noticed and taken by plaintiff and it was reasonable for defendant to assume at the time the depositions were taken that they would be necessary for use in the case).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion (doc. 105) in opposition to defendant's bill of costs (or to retax costs) is **denied.**

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2011, at Kansas City, Kansas.

s/ John W. Lungstrum _____
John W. Lungstrum
United States District Judge